**No. 704**

**First Circuit**

———

**RUNFALO v. DAGASTINO**

———

(December 1, 1930. Opinion and Decree.)

———

Borron, Hebert & Owen, of Plaquemine, attorneys for plaintiff, appellee.

Jos. Nicolosi, of Plaquemine, attorney for defendant, appellant.

MOUTON, J. Plaintiff, alleging that he had sold fruits and produce to defendant during the year 1929, to the amount of $293.15, upon which he admitted to have received $75 on account, sues defendant for a balance thereon of $218.15.

The defendant in his answer admits that he received the goods from plaintiff in the year 1929, up to the sum of $284, but not for $293.15, as is averred in plaintiff's petition; that $9.55 had been deducted on plaintiff's account for damaged fruits, and

that an overcharge of 50 cents had been made on an invoice.

The defendant, after making the foregoing allegations, avers that he, at plaintiff's request, frequently advanced him various sums of money for the purchase of goods during the year 1929; that in January and February, 1929, he advanced him the sum of $300; also $50 in March, 1929; and in July $75, aggregating a total of $425. The defense is, therefore, that defendant has overpaid plaintiff's account by the sum of $150, which he claims against plaintiff in reconvention.

The lower court resolved the issues against the claims of defendant, and found that by a clear preponderance of the evidence defendant was in debt to plaintiff for $199.50, after the deductions of $9.55 for damaged fruits, 50 cents for the overcharge on the invoice, and rendered judgment for $199.50 from which defendant prosecutes this appeal.

It is shown that the amounts which defendant claims to have advanced plaintiff were sent by checks in round sums, and on various dates, during the year 1929. The account filed by plaintiff carries a credit on it for the $75 check defendant had sent plaintiff, also one for $9.55 amount deducted for the damaged fruits.

Plaintiff, it appears, had no bookkeeping system in his business, and kept no ledger. He seems to have conducted his commercial business on slips. His testimony is that some of the payments made by defendant by checks were for accounts of October, November and December, 1928, for goods he had bought prior to his purchases for the amounts carried on his account for 1929, on which he had given defendant a credit for the check of $75, the only one of the checks which entitled him to a credit, in addition to the amount allowed for the damaged fruits.

The theory of the defendant is that at times, for some reason or other, plaintiff did not buy the goods for which he had advanced these various sums, and that the money which was not used remained to his credit. We find no evidence to sustain that contention. Defendant admits that he gave one or two checks to plaintiff that were not honored for lack of funds. There is also a letter in the record dated September 4, 1929, to which defendant's name is subscribed and in which he acknowledges his indebtedness to plaintiff, and promises to pay the balance at some later date. Defendant denied that he had signed the letter and stated that his sister-in-law and his bookkeeper had signed his name thereto, without his authority.

Paul Polizetto, now a resident of New Orleans and formerly of Plaquemine, testified that in July or August, 1929, defendant had told him that he owed "this money" to plaintiff, Runfalo. Counsel for defendant questioned Polizetto about a suit counsel said was pending between Sam Polizetto, brother of witness, and Mrs. D'Agostino. Paul Polizetto denied that he knew anything about this litigation, and stated that he had no interest whatsoever in the suit of plaintiff against defendant. Evidently, the judge believed plaintiff and Paul Polizetto and did not accept the explanation given by defendant in reference to the statements he had made in his letter to plaintiff of September 4, 1929, written at a date subsequent to the obligations he had incurred towards plaintiff as per the account filed against him.

Considering the character of the evidence submitted, we do not find that defendant has sustained his plea of payment, and his claim in reconvention. Our conclusion is that, as found below, the preponderance of the evidence entitles plaintiff to the amount decreed against defendant.